## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| **CLINTON YOUNG** | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| **VS.** | § | **NO: 7:23-CV-146** |
| | § | |
| **MIDLAND COUNTY, TEXAS,** | § | |
| **WELDON "RALPH" PETTY, JR.,** sued | § | |
| **In his individual capacity; ALBERT** | § | |
| **SCHORRE, JR., sued in his individual** | § | |
| **Capacity; TERESA CLINGMAN, sued in** | § | |
| **her individual capacity,** | § | |
| | § | |
| *Defendants.* | § | |

### DEFENDANTS' JOINT 12(B)(6)
### MOTION FAILURE TO STATE A CLAIM FOR RELIEF

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW MIDLAND COUNTY, TEXAS, WELDON "RALPH" PETTY, JR., sued in his individual capacity; ALBERT SCHORRE, JR., sued in his individual capacity; TERESA CLINGMAN, sued in her individual capacity (hereinafter collectively "Defendants"), each appearing through their respective counsel, and file this joint motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure to the pleadings filed by Clinton Young ("Plaintiff"), requesting that the Court stay this proceeding until such time that Plaintiff's underlying criminal proceedings have concluded. Plaintiff claims that the Defendants' alleged acts caused Plaintiff to be wrongfully convicted of a crime for which he claims he was innocent. Plaintiff's underlying criminal proceedings, however, are still pending, as he will stand trial in January 2024 on the same charges for which he was allegedly wrongfully convicted. This civil lawsuit is, thus, a collateral attack against his pending criminal proceeding, and the outcome of the underlying criminal proceeding

may result in Plaintiff's claims being barred by *Heck v. Humphrey,* 512 U.S. 477 (1994) and its progeny.  Accordingly, the Court should stay this case pending the result of Plaintiff's underlying criminal proceeding.  In support hereof, Defendants respectfully would show the Court as follows:

## I.
## BACKGROUND

Plaintiff seeks recovery of damages for allegedly being wrongfully convicted of murdering two individuals.  Plaintiff blames the murders on an "acquittance", David Page, who purportedly falsely accused Plaintiff of murdering the individuals.  (Doc. No. 1, p. 5).  A jury found Plaintiff guilty of committing the murders, and on April 14, 2003, a judgment was entered against him. (Doc. No. 1, p. 6).

Plaintiff claims he would not have been found guilty but for the actions of the defendants. Plaintiff claims that Ralph Petty worked as both a lead prosecutor on his case and as a law clerk for the trial court judge, including work as a law clerk on subsequent habeas appeals brought by Plaintiff.  Plaintiff blames Albert Schorre, Jr., and Teresa Clingman, former district attorneys in Midland, for assigning Ralph Petty to Young's case while knowing he was also clerking for the district judges.  Plaintiff blames Midland County for payments the County made to Ralph Petty for his work as a judicial law clerk, including work he performed on Plaintiff's case.

Plaintiff's claims are rooted in a decision of the Texas Court of Criminal Appeals that vacated Plaintiff's conviction based on Ralph Petty's alleged dual role that Plaintiff claims caused his wrongful conviction.  *Ex parte Young*, No. WR-65,137-05, 2021 WL 4302528 (Tex. Crim. App. Sept. 22, 2021).  That decision, however, merely remanded Plaintiff to the custody of the Sheriff of Midland County and ordered Plaintiff to answer the charges set out in the indictment. *Id.* at *5.  In short, the decision did not declare Plaintiff "innocent", as Plaintiff claims in his complaint, only that he was entitled to a retrial on his charges.

Plaintiff is currently awaiting trial on the underlying charges.  *See* Exhibit 1 (Docket Sheet for Plaintiff's Criminal Proceeding in Midland).  Under the Midland trial court's August 2022 scheduling order, Plaintiff is not set for trial until January 2024.  *See* Exhibit 2 (State Court's August 8, 2022, Amended Scheduling Order).  Plaintiff also has criminal charges pending in Harrison County arising out of the same series of events.  *See* Exhibit 3 (Indictment from Harrison County).

On September 19, 2023, Plaintiff initiated this civil action against the Defendants, claiming their actions caused him to be wrongfully convicted despite his claimed innocence.  This motion is now filed under Rule 12(b)(6) because Plaintiff has not and cannot state a viable claim for relief until the resolution of his pending criminal charges.

## II.
## STANDARD

To survive a motion filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must provide enough facts to state a claim for relief that is plausible on its face.  *See* Fed. R. Civ. P. 12(b)(6); *Jebaco, Inc. v. Harrah's Operating Co.,* 587 F.3d 314, 318 (5th Cir. 2009).  The complaint must allege more than "labels and conclusions," for example, "a formulaic recitation of the elements of a cause of action will not do," and, finally, "factual allegations must be enough to raise a right to relief above the speculative level."  *Id.* (quoting *Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).  "[C]ommon sense plays a role in the inquiry . . . [and] [w]here context provides one and only one answer, the absence of documentary . . . support does not require a court to ignore the obvious or accept the incredible."  *Van Deelen v. Cain*, 628 Fed. App'x 891, 895 (5th Cir. 2015).

"When reviewing a motion to dismiss, a district court must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions

to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Basic Capital Mgmt., Inc. v. Dynex Capital, Inc.*, 976 F.3d 585, 589 (5th Cir. 2020) (internal quotations and citations omitted); *Norris v. Hearst Trust,* 500 F.3d 454, 461 n. 9 (5th Cir. 2007) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record."). For example, "[a] court may . . . take judicial notice of its own records or of those of inferior courts." *ITT Rayonier Inc. v. United States*, 651 F.2d 343, 345 n.2 (5th Cir. 1981). The Court may also take judicial notice of the existence of the docket sheet and criminal charges pending against a party in state court. *See, e.g.*, *Alexander v. Verizon Wireless Services, L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017) ("We hereby grant Verizon's request that we take judicial notice, pursuant to Federal Rule of Evidence 201, of a copy of the docket in Alexander's criminal proceeding and a motion he filed in that proceeding."); *Reagan v. Burns*, No. 3:16-CV-2590-G-BH, 2019 WL 6733023, at *7 n.8 (N.D. Tex. Oct. 30, 2019) ("Because they are matters of public record, judicial notice of Plaintiff's records in his criminal case may be taken" (citing cases)) (Irma Carillo Ramirez, J.), *report and recommendation adopted*, No. 3:16-CV-2590-G (BH), 2019 WL 6729085 (N.D. Tex. Dec. 10, 2019).

### III.
### ARGUMENTS & AUTHORITIES

Based on Plaintiff's pending charges, the Court should stay this proceeding until the conclusion of Plaintiff's underlying criminal proceedings. Under the Supreme Court's decision in *Heck v. Humphrey,* 512 U.S. 477 (1994), the Court held that a claim asserted under 42 U.S.C. § 1983 that attacks the constitutionality of a conviction or imprisonment does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck,* 512 U.S. at 486-87. *Heck* also bars

damage claims that, if successful, would necessarily imply the invalidity of a potential conviction on a pending criminal charge.  *See Hamilton v. Lyons,* 74 F.3d 99, 103 (5th Cir.1996) (interpreting *Heck* to prevent accrual of § 1983 claims that would necessarily imply the invalidity of convictions on pending criminal charges).  Such claims are frivolous unless and until the plaintiff shows that his conviction or sentence has been reversed, expunged, invalidated, or otherwise called into question.  *See id.*

Plaintiff's civil action directly attacks his pending criminal charges.  Plaintiff claims he is innocent of the underlying charges pending in Midland and Harrison County.  He claims that he was originally wrongfully convicted, and that his conviction would not have occurred but for the Defendants' alleged interference in his trial proceedings. Plaintiff's claims necessarily imply the invalidity of his pending charges and question the evidence that may be used in support of any conviction sought by the state.

Although Plaintiff's original conviction was vacated by the Texas Court of Criminal Appeals in *Ex Parte Young*, Plaintiff's original charges are still pending against him.  *See* Exhibit 1, 2.  Plaintiff is also facing indictment in Harrison County for crimes arising from the same underlying events.  Ex. 3.  The resolution of the underlying criminal proceeding may mean Plaintiff's claims are "frivolous", that is, barred by *Heck* and its progeny.  The resolution of the proceedings may lead to a different conclusion.  But even if the impact from the resolution of Plaintiff's underlying criminal matter is unclear, the result should be the same.  This Court "indeed ***should***—stay proceedings in the section 1983 case until the pending criminal case has run its course".  *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995) (emphasis added).

For Plaintiff to successfully plead a claim that directly attacks his underlying criminal proceedings, Plaintiff must plead that the disposition of the underlying criminal proceeding

terminated in his favor, such as by dismissal or a finding of not guilty.  Plaintiff cannot plead this because Plaintiff's underlying criminal charges remain pending.  As such, Plaintiff has failed to state a claim for relief upon may be granted.  The Court should stay this case until such time that the underlying criminal proceedings have concluded.

<u>**CONCLUSION**</u>

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request that the Court grant this Motion and stay the case until such time that Plaintiff's underlying criminal proceedings have concluded. As demonstrated above, Plaintiff's underlying criminal charges are still pending, and Plaintiff's civil rights claims directly attack his pending criminal charges. Defendants respectfully request that the Court grant the relief requested herein along with such other and further relief, in law and in equity, both general and specific, to which Defendants may be justly entitled.

Respectfully Submitted,

By:      */s/ R. Layne Rouse*_____
**R. LAYNE ROUSE**
State Bar No. 24066007
lrouse@shaferfirm.com

**SHAFER, DAVIS, O'LEARY & STOKER**
P.O. Drawer 1552
Odessa, TX 79760-1552
(432) 332-0893
(432) 333-5002 – Facsimile

**ATTORNEY FOR MIDLAND COUNTY, TEXAS**

**And**

By:     */s/ Randall L. Rouse*      
       **RANDALL L. ROUSE**
       Texas Bar No. 17324300
       rrouse@lcalawfirm.com
       **STEVEN C. KISER**
       Texas Bar No. 11538550
       skiser@lcalawfirm.com

**LYNCH, CHAPPELL & ALSUP, P. C.**
300 North Marienfeld, Suite 700
Midland, Texas 79701
(432) 683-3351; (432) 683-2587 (facsimile)

**ATTORNEYS FOR ALBERT SCHORRE, JR. and TERESA CLINGMAN**

**And**

By:     */s/ D. Randall Montgomery*      
       **D. RANDALL MONTGOMERY**
       State Bar No. 14289700
       Rmontgomery@drmlawyers.com
       **ALYSSA M. BARRENECHE**
       State Bar No. 24040607
       Abarreneche@drmlawyers.com

**D. RANDALL MONTGOMERY & ASSOCIATES, P.L.L.C.**
12400 Coit Road, Suite 560
Dallas, Texas 75251
(214) 292-2600
(469) 568-9323 (Telecopy)

**ATTORNEYS FOR DEFENDANT WELDON "RALPH" PETTY, JR.**

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of this document is being served on this 16th day of

October, 2023 to complainant and all counsel of record as shown below.


_/s/ R. Layne Rouse_____
R. Layne Rouse