UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| **CLINTON YOUNG** § <br> § <br> *Plaintiff* § <br> § <br> VS. § <br> § <br> **MIDLAND COUNTY, TEXAS,** § <br> **WELDON "RALPH" PETTY, JR.,** sued § <br> **In his individual capacity; ALBERT** § <br> **SCHORRE, JR.,** sued in his individual § <br> Capacity; **TERESA CLINGMAN,** sued in § <br> her individual capacity, § <br> § <br> *Defendants.* § | NO: 7:23-CV-146 |

**DEFENDANTS' JOINT REPLY IN SUPPORT OF**
**THEIR 12(B)(6) MOTION FAILURE TO STATE A CLAIM FOR RELIEF**

                                                Respectfully Submitted,

                                        By:    */s/ R. Layne Rouse*
                                                     **R. LAYNE ROUSE**
                                                     State Bar No. 24066007
                                                   lrouse@shaferfirm.com

**SHAFER, DAVIS, O'LEARY & STOKER**
P.O. Drawer 1552
Odessa, TX 79760-1552
(432) 332-0893
(432) 333-5002 – Facsimile

**ATTORNEY FOR MIDLAND COUNTY, TEXAS**

**And**

By: */s/ Randall L. Rouse*
**RANDALL L. ROUSE**
Texas Bar No. 17324300
rrouse@lcalawfirm.com
**STEVEN C. KISER**
Texas Bar No. 11538550
skiser@lcalawfirm.com

**LYNCH, CHAPPELL & ALSUP, P. C.**
300 North Marienfeld, Suite 700
Midland, Texas 79701
(432) 683-3351; (432) 683-2587 (facsimile)

**ATTORNEYS FOR ALBERT SCHORRE, JR. and TERESA CLINGMAN**

**And**

By: */s/ D. Randall Montgomery*
**D. RANDALL MONTGOMERY**
State Bar No. 14289700
Rmontgomery@drmlawyers.com
**ALYSSA M. BARRENECHE**
State Bar No. 24040607
Abarreneche@drmlawyers.com

**D. RANDALL MONTGOMERY
& ASSOCIATES, P.L.L.C.**
12400 Coit Road, Suite 560
Dallas, Texas 75251
(214) 292-2600
(469) 568-9323 (Telecopy)

**ATTORNEYS FOR DEFENDANT WELDON "RALPH" PETTY, JR.**

## **CERTIFICATE OF SERVICE**

    I certify that a true and correct copy of this document is being served on this 6th day of November, 2023 to complainant and all counsel of record as shown below.

                                                    */s/ R. Layne Rouse*
                                                      R. Layne Rouse

TO THE HONORABLE JUDGE OF SAID COURT:

MIDLAND COUNTY, TEXAS; WELDON "RALPH" PETTY, JR., sued in his individual capacity; ALBERT SCHORRE, JR., sued in his individual capacity; and TERESA CLINGMAN, sued in her individual capacity (hereinafter collectively "Defendants"), each appearing through their respective counsel, file this joint reply in support of their motion filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support, Defendants respectfully would show the Court as follows:

## I.

The Court should grant Defendants' motion and stay Plaintiff's claims until the resolution of Plaintiff's underlying criminal proceeding. Plaintiff has not and cannot state a claim for relief, because his claims have not accrued. Plaintiff's § 1983 "due process" claims are analogous to claims for malicious prosecution. Based on controlling Supreme Court precedent, such claims do not "accrue" until the underlying criminal litigation has terminated in his favor, whether by acquittal or by the prosecutor dropping the charges. Plaintiff's underlying criminal proceedings have not terminated, they are ongoing. Plaintiff's § 1983 claims are also in direct conflict with the underlying criminal proceeding. By his § 1983 claims, Plaintiff seeks to prove and collect damages based on his innocence. Any conviction for murder will be in direct conflict with Plaintiff's claims of innocence, making such claims barred by *Heck*. Plaintiff's reliance on *Davis v Zaine* ("*Davis*") and *Clay v. Allen* ("*Clay*") is misplaced as the plaintiffs in those cases did not seek to litigate their innocence in the § 1983 claim. Defendants' 12(b)(6) motion is proper, because Plaintiff has failed to state a claim, and Fifth Circuit precedent requires that these claims be stayed until the resolution of Plaintiff's criminal proceedings.

### A. Plaintiff's Claims Have Not Accrued.

Plaintiff has failed to state a claim for relief, because he has not asserted a cognizable claim. When faced with a potential *Heck* bar, Plaintiff bears the burden to show that the underlying criminal proceedings terminated in his favor. *Hoog-Watson v. Guadalupe Cnty., Tex.*, 591 F.3d 431, 434–35 (5th Cir. 2009) (citing *Brandley v. Keeshan,* 64 F.3d 196 (5th Cir.1995), *abrogated on other grounds by Wallace v. Kato*, 549 U.S. 384 (2007), for the holding that "the plaintiff has the burden of establishing that the capital murder prosecution has terminated."). Favorable termination dictates "*whether the claim is cognizable under § 1983 at all*." *Id.* at 434 (emphasis in original) (quoting *Heck v. Humphrey,* 512 U.S. 477, 483 (1994)). As part of Plaintiff's burden, Plaintiff must show his claims accrued, that is, that he "has 'a complete and present cause of action'" not barred by *Heck*. *See McDonough v. Smith*, 139 S. Ct. 2149, 2155-56 (2019); *Heck,* 512 U.S. at 483-84. The time at which a § 1983 claim accrues "is a question of federal law." *See McDonough*, 139 S. Ct. at 2155.

As discussed in *Heck* and its progeny, a court "often decides accrual questions by referring to the common-law principles governing analogous torts." *See McDonough*, 139 S. Ct. at 2156. For § 1983 claims like those raised in *Heck* in the Supreme Court case *McDonough v. Smith*, the Supreme Court found the "most analogous common-law tort" was a claim for malicious prosecution. *See id.* In *McDonough*, the plaintiff sought "to vindicate a right not to be deprived of liberty as a result of the fabrication of evidence by a government officer." *Id.* at 2155 (internal quotations omitted). This "claim requires him to show that the criminal proceedings against him— and consequent deprivations of his liberty—were caused by [the government officer's] malfeasance in fabricating evidence." *Id.* at 2156 (internal citations omitted). Such claim was analogous to a common law claim for malicious prosecution because "[a]t bottom, both claims

challenge the integrity of criminal prosecutions undertaken pursuant to legal process." *Id.* (internal quotations omitted).

Plaintiff's § 1983 claims are also most analogous to claims for malicious prosecution. Like the claims discussed in *Heck* and *McDonough*, Plaintiff also seeks to vindicate "deprivations of liberty" allegedly caused by government misconduct, here, alleged "judicial and professional misconduct". (*See* Doc. No. 1, p. 21, ¶105; p. 26, ¶136, ¶138). Plaintiff's injuries emphasize the time Plaintiff spent while in prison. (Doc. No. 1, pp. 26-30, ¶¶138-61). His damages seek recovery deriving directly or indirectly from his approximate twenty years spent in detention. (Doc. No. 1, pp. 33-37, ¶178). According to Plaintiff, "[w]ithout the unconstitutional judicial and prosecutorial misconduct found by the [Texas Court of Criminal Appeals], Mr. Young would not have spent nearly twenty years fighting for his life on death row." (Doc. No. 1, p. 26, ¶138). Claims for malicious prosecution "remedies detention accompanied, not by absence of legal process, but by *wrongful institution* of legal process." *See Wallace v. Kato*, 549 U.S. 384, 389–90 (2007). This is what Plaintiff claims, and the damages sought are only recoverable if he is correct about his claim of innocence.

To plead § 1983 claims analogous to malicious prosecution, Plaintiff's pleading burden requires him to show that his underlying prosecution terminated in his favor. With malicious prosecution claims, "[t]here is not a complete and present cause of action . . . while those [underlying] criminal proceedings are ongoing." *McDonough*, 139 S. Ct. at 2157–58 (internal citations and quotations omitted). Instead, the claims accrue "[o]nly once the criminal proceeding has ended in the defendant's favor, or a resulting conviction has been invalidated within the meaning of *Heck* . . ." *Id.* at 258. Because Plaintiff asserts claims analogous to malicious prosecution, Plaintiff must show that the underlying criminal proceeding terminated in his favor.

This "burden is met by proving . . . [a]n acquittal, an order of dismissal based on the running of the statute of limitations on the crime or an order of dismissal reflecting an affirmative decision not to prosecute", all of which "are examples of such a termination." *Brandley v. Keeshan,* 64 F.3d 196, 199 (5th Cir.1995) *abrogated on other grounds by Wallace v. Kato*, 549 U.S. 384 (2007) (discussing § 1983 claims analogous to false arrests).  Contrary to Plaintiff's position, "the reversal of a conviction and remand for new trial is not, in and of itself, a termination."  *Id.*; *McDonough*, 139 S. Ct. at 2161 (holding § 1983 claim analogous to a claim for malicious prosecution accrued "when the criminal proceedings against him terminated in his favor—that is, when he was acquitted at the end of his second trial.").   This conclusion is only further reinforced when considering that Plaintiff's claims are premised on claims of innocence.  (*See, e.g.,* Doc. No. 1, p. 6, ¶12) ("Mr. Young continued to maintain that he was innocent of the charges."); *see Richey v. Brookshire Grocery Co.*, 952 S.W.2d 515, 517 (Tex. 1997) (noting elements of a malicious prosecution claim includes showing the plaintiff's innocence).

To plead his claims analogous to malicious prosecution, Plaintiff has to show that the underlying criminal prosecution terminated in his favor.  Without such pleading, Plaintiff has failed to state a claim for relief, as he cannot show that his claim has accrued or that a "favorable termination" has occurred to survive a *Heck* challenge.  Because Plaintiff's underlying criminal proceedings are continuing, Plaintiff has not pled facts showing a termination of the criminal proceeding.  He has failed to state a "cognizable claim" for relief.

    **B.**    **Plaintiff's Claims Undermine Any Potential Conviction.**

A stay under *Heck* is warranted because Plaintiff's § 1983 claims undermine any potential conviction that may result from the conclusion of his criminal proceeding.  This is because Plaintiff's claims are premised on his innocence.

In the introduction to Plaintiff's Complaint, Plaintiff claims that Defendants' alleged actions "nearly cost [Plaintiff] his life and did cost him twenty undeserved years on death row and, in turn, in solitary confinement." (Doc. No. 1, p. 2, ¶3). Plaintiff claims he was "convicted of a crime he did not commit, damning him to Texas's infamous death row." (Doc. No. 1, p. 4). He blames "an acquaintance of Mr. Young's [for] killing two individuals—Doyle Douglas and Samuel Petrey". (Doc. No. 1, p. 5, ¶4). Then "the acquaintance, David Page, falsely accused Mr. Young of the two murders." (Doc. No. 1, p. 5, ¶5). Allegedly, Plaintiff "has always maintained—and today maintains—that he did not murder Mr. Douglas or Mr. Petrey." (Doc. No. 1, p. 6, ¶7). Plaintiff thus concludes that "[w]ithout the unconstitutional judicial and prosecutorial misconduct found by the [Texas Court of Criminal Appeals], Mr. Young would not have spent nearly twenty years fighting for his life on death row." (Doc. No. 1, p. 26, ¶138).

Plaintiff spends pages of his complaint describing injuries and damages that are recoverable *only if* Plaintiff is innocent of the pending charges. Plaintiff's injuries are almost entirely based on being subject to prison. (Doc. No. 1, pp. 26-30, ¶¶138-61). His damages are also based on alleged financial and emotional losses from spending twenty years in prison. (Doc. No. 1, pp. 33-37, ¶178). These alleged injuries and damages flow only from an alleged wrongful conviction of an innocent person and *not* from the mere inconvenience of person (innocent or not) needing to retry a case. While Plaintiff claims that "Mr. Young's actual innocence is not the question presented in this Section 1983 lawsuit," (Doc. No. 14, p. 13), this is wrong. Plaintiff's innocence is not ancillary to Plaintiff's claims; it is central to them.

Plaintiff's claims of innocence *directly* undermine his still pending, underlying criminal proceedings. "The total effect" of his pleadings are clear. Plaintiff "still thinks he's innocent." *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 657 (5th Cir. 2007) ("DeLeon still thinks he's

innocent.  His federal complaint contradicts his confession in Texas court, belying any suggestion on appeal that he has accepted his "conviction" for aggravated assault, and challenges only the shooting."). Such "broad claims of innocence" relate to the entire underlying proceeding, "and not merely a discrete part of it." *Daigre v. City of Waveland, Miss.*, 549 Fed. Appx. 283, 287 (5th Cir. 2013) (citing cases). While Plaintiff's conviction was overturned, the underlying criminal charges remain, and his prosecution proceeds. Plaintiff's pleadings do not allow him to isolate the alleged wrongdoings of the first trial, as he seeks to litigate and collect damages based on his innocence, not the mere inconvenience of a retrial.

The State of Texas seeks to litigate his guilt in the pending criminal proceedings. Plaintiff seeks to litigate his innocence in this civil proceeding. *Heck* bars him from doing this until his underlying criminal proceedings have *terminated* in his favor. *Heck* and its progeny preclude civil proceedings from attacking ongoing criminal proceedings. Civil claims premised on innocence necessarily seek to invalidate underlying criminal proceedings. *DeLeon*, 488 F.3d at 657; *see example Oakley v. Dyer*, No. 2:21-CV-169-Z-BQ, 2022 WL 10676593, at *7 (N.D. Tex. Sept. 12, 2022) (citing *Franklin v. Hull*, No. 4:08–CV–377–Y, 2009 WL 144502, at *1–2 (N.D. Tex. Jan. 21, 2009) for "dismissing as *Heck-barred* claim that plaintiff was innocent of criminal charge to which he had pleaded guilty"), *report and recommendation adopted*, 2022 WL 10656143 (N.D. Tex. Oct. 18, 2022). And while Plaintiff's conviction has been vacated, based on *Heck*, Plaintiff cannot litigate his innocence in a civil action unless and until there is a termination of his criminal proceedings. So long as Plaintiff's criminal proceeding are pending, Plaintiff's § 1983 claims should be stayed.

### C.  Plaintiff's Reliance on *Clay* and *Davis* is Misplaced.

The Court should reject the arguments raised in Plaintiff's response. Plaintiff relies on two Fifth Circuit decisions (*Clay* and *Davis*) for the general proposition that a reversal and remand is equivalent to a full adjudication in Plaintiff's favor, and the Court should allow parallel proceedings to proceed. In so arguing, Plaintiff ignores controlling precedent and grossly mischaracterizes the nature of his claim.

"Whether a stay of Plaintiff's section 1983 claims is warranted depends upon the relation between the civil and criminal cases; if it is 'premature to determine whether or not [Plaintiff's] damages claims are barred under *Heck*,' or if it is clear that they would be barred under this standard, '[t]he court may—indeed should—stay proceedings in the section 1983 case until the pending criminal case has run its course.'" *See, e.g., McCollom v. City of Kemp, Tex.*, No. 3:14-CV-1488-B, 2014 WL 6085289, at *3 (N.D. Tex. Nov. 14, 2014) (quoting *Mackey,* 47 F.3d at 746). "In evaluating whether Plaintiff's civil claims might be barred under *Heck,* the Court must conduct a fact-specific analysis to determine whether success on his [§ 1983 claims] would require negation of an element of the criminal offense [of murder] or proof of a fact that is inherently inconsistent with a conviction on . . . the underlying criminal charge." *Id.* (internal quotations omitted) (citing, among others, *Bush v. Strain,* 513 F.3d 492, 497 (5th Cir.2008)). "[I]f the factual basis for the conviction [would be] temporally and conceptually distinct" from Plaintiff's section 1983 claims, these claims would not necessarily imply the invalidity of the criminal charge and would thus not be barred under *Heck. Id.* (citing *Bush,* 513 F.3d at 498). "Conversely, if the facts supporting the criminal charge are not temporally and conceptually distinct from the facts supporting the civil claims, or ***if it is unclear*** whether they would be distinct, the civil claims must be stayed." *Id.* (emphasis added) (citing *Mackey,* 47 F.3d at 746).

Plaintiff's § 1983 claims are not factually distinct from his underlying criminal proceeding. "Plaintiff's civil claims arise out of the same occurrence which forms the basis for the criminal charge against him," that is, Plaintiff's guilt or innocence for the murder of two individuals. *See McCollom*, 2014 WL 6085289, at *5; (Doc. No. 1, ¶138)( "Without the unconstitutional judicial and prosecutorial misconduct found by the CCA, Mr. Young would not have spent nearly twenty years fighting for his life on death row."). Plaintiff's guilt or innocence determines whether he is entitled to an acquittal in the criminal case and damages for his time in prison in the civil case.

On this issue, *Clay* and *Davis* are distinguishable. Neither *Clay* nor *Davis* addressed civil claims premised on one's innocence. As those cases noted, "it is highly unlikely that Davis's § 1983 suit will implicate the validity of his pending retrial for capital murder." *Davis v. Zaine*, 79 F.3d 18, 19 (1996). While Plaintiff argues his case is not about innocence because some of his damages may not necessarily require a finding of innocence to recover, this argument misses the point. Plaintiff has not limited his damage claims to those stemming only from the inconvenience of a retrial, that is, only from the alleged violations of his first criminal proceeding. He is seeking to defeat the criminal charge by proving his innocence and recover damages based on the same. (Doc. No. 1, pp. 26-30, ¶¶138-61); (Doc. No. 1, pp. 33-37, ¶178). Without ultimate proof of innocence, Plaintiff's § 1983 claims fail.

*Clay* and *Davis* are also distinguishable, because the district court *dismissed* the civil claims. *See Clay v. Allen*, 242 F.3d 679, 680 (2001)*; Davis*, 79 F.3d at 18. The district courts used the incorrect procedure. In this circuit, "[r]ather than dismiss the § 1983 claims, the better course is to proceed as suggested by the Fifth Circuit—to stay proceedings in this case until the pending criminal case has run its course." *See, e.g., Richardson v. Bridges*, No. 5:09CV186, 2010 WL 11553418, at *4 (E.D. Tex. July 21, 2010) (citing *Wallace v. Kato*, 549 U.S. 384, 393 (2007) and

*Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995)); *see also Profit v. Ouachita Par.*, 411 Fed. Appx. 708, 709 (5th Cir. 2011) (holding "the district court correctly stayed the proceedings in this civil action pending the resolution of the criminal charges against Profit." (citing cases)).  Even if there is some doubt whether the Court should grant the stay, the case should *still* be stayed.  Some courts even take this one step further, holding, "***if it is unclear*** whether [the claims] would be distinct, the civil claims ***must*** be stayed." *McCollom*, 2014 WL 6085289, at *3 (emphasis added).

Plaintiff also advocates a position based on *Clay* and *Davis* that has been rejected by both this Circuit and the Supreme Court.  Plaintiff argues that *Clay* and *Davis* stand for the position that a reversal of a conviction and remand for new trial is a "favorable termination."  The Fifth Circuit reached the *opposite* conclusion in *Brandley v. Keeshan*, 64 F.3d 196, 199 (5th Cir. 1995).  There, the Court held "the reversal of a conviction and remand for new trial ***is not***, in and of itself, a termination." *Id.* (emphasis added).[1]  Similarly, the Supreme Court in *McDonough* found that § 1983 claims analogous to claims for malicious prosecution accrue "[o]nly once the criminal proceeding has ended in the defendant's favor, or a resulting conviction has been invalidated within the meaning of *Heck* . . . ." *See McDonough*, 139 S. Ct. at 2158.  Plaintiff also appears to advocate that *Clay* and *Davis welcome* parallel litigation.  *See Davis v. Zaine* 79 F.3d 18, 19 (1996) (responding to the argument that "the state will incur the vexation of two trials" by noting "[i]t is the state's conduct, however, that led to this situation when it initially prosecuted Davis with tainted evidence.").  This has been soundly rejected by the Supreme Court, and even *Davis* recognized the need to stay a case if, as here, a potential conflict emerges.[2]  As the Fifth Circuit held in *Mackey*

---

[1] The Fifth Circuit is still "bound by our rule of orderliness," that is "one panel of our court may not overturn another panel's decision, absent an intervening change in law, such as by statutory amendment, or the Supreme Court, or our *en banc* court." *Edmiston v. Borrego*, 75 F.4th 551, 559 (5th Cir. 2023) (internal quotations, citations omitted).
[2] *See Davis v. Zaine*, 79 F.3d 18, 19 (1996) ("Moreover, if some presently unforeseen or unarticulated conflict arises between the criminal retrial and the pending § 1983 case, the district court may consider the propriety of a stay or, perhaps, abstention.").

**Defendants' Reply in Support of his 12(b)(6) Motion**                                                                                                                9

*v. Dickson*, 47 F.3d 744 (5th Cir. 1995), any doubt regarding the claim's impact on the unresolved criminal proceeding *should* result in a stay of the proceeding "until the pending criminal case has run its course." 47 F.3d at 746. The Court should reject Plaintiff's arguments.

### D. Plaintiff's "Procedural Critique" is Misplaced.

The Court should reject Plaintiff's criticism on Defendants filing a Rule 12(b)(6) yet requesting a stay. Plaintiff incorrectly claims that Defendants should not have filed a 12(b)(6), but *Heck* defenses "should be addressed under Rule 12(b)(6)" for failure to state a claim." *See, e.g., Blakely v. Andrade*, 360 F. Supp. 3d 453, 473 n.14 (N.D. Tex. 2019). This is especially appropriate where, as here, Plaintiff has failed to show that his malicious prosecution § 1983 claims have accrued. Plaintiff argues that stays should be sought under a Rule 12(b)(6) motion, but this argument is also misplaced. The Fifth Circuit has stated a stay is the correct outcome where, as here, a potentially *Heck* barred civil claim is challenged due to the presence of pending criminal charges. *See, e.g., Profit v. Ouachita Par.*, 411 Fed. Appx. 708, 709 (5th Cir. 2011). Plaintiff argues that Defendants should have conferred with Plaintiff's prior to filing their Rule 12(b)(6) motion, but local rules do not require a conference on a potentially dispositive motion, which Defendants' motion will become depending upon the outcome of the underlying criminal action. Again, Plaintiff's argument is without merit.

In short, Plaintiff has failed to show that the underlying criminal action has terminated in his favor by an acquittal or similar termination of the case as required by *Heck*. Because Plaintiff seeks to litigate his innocence in this civil litigation and his criminal proceeding remains pending, the appropriate response is to stay the civil action "until the pending criminal case has run its course." *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995). Accordingly, the Court should grant Defendants' motion and stay this proceeding.